**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SCOTT TRAUDT, SUSAN R.CARR IN HER CAPACITY AS EXECUTOR OF THE ESTATE OF WILLIAM H.CARR, GAVIN CASEY, JAMES CHRISTY, NEAL GARTNER, CARLOS HERRERA, JACOB KAMINSKI, JAMES McNULTY, JOHN McNULTY and JOHN MOTTOLA
PLAINTIFFS:

Versus C. A. NO. 03-241L

HUNTRESS, INC.
and RELENTLESS, INC.
DEFENDANTS

**MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT**

Comes now your Plaintiffs and move this Honorable Court for leave to file and serve a Fourth Amended Complaint which would add a party, Robert Kenyon, alleging the same statutory cause of action as the current Plaintiffs as indicated in the attached Fourth Amended Complaint.

Respectfully submitted,

Plaintiffs, By their attorney,

/s/Merlyn P. O'Keefe
238 Robinson Street
Wakefield, RI 02879
(401) 789-4850 phone
(401) 789-1757 fax
silveroar@gmail.com

CERTIFICATION

I hereby certify that I mailed a true copy of the within on the 17th day of February 2007 to J. Renn Olenn, Esquire, Olenn & Penza, 530 Greenwich Avenue, Warwick, RI 02886.

/s/Merlyn P. O'Keefe

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SCOTT TRAUDT, SUSAN R.CARR IN HER
CAPACITY AS EXECUTOR OF THE ESTATE
OF WILLIAM H.CARR, GAVIN CASEY,
JAMES CHRISTY, NEAL GARTNER, CARLOS
HERRERA, JACOB KAMINSKI, JAMES McNULTY, JOHN
McNULTY and JOHN MOTTOLA
PLAINTIFFS

Versus C. A. NO. 03-241L

HUNTRESS, INC.
and RELENTLESS, INC.
DEFENDANTS

**PROPOSED FOURTH AMENDED COMPLAINT**

**PARTIES**

1. Plaintiff, Scott Traudt, is a resident of the Town of Tunbridge, County of Orange, State of Vermont.

2. Susan R. Carr is the duly appointed Executrix of the Estate of William H. Carr which currently pends in the Town of Narragansett. William H. Carr was a resident of the Town of Narragansett, County of Washington, State of Rhode Island at the time of his death from unrelated causes on 31 July 2006.

3. Plaintiff, Gavin Casey, is a resident of the Town of South Kingstown, County of Washington, State of Rhode Island.

4. Plaintiff, James Christy, is a resident of the Town of South Kingstown, County of Washington, State of Rhode Island.

5. Plaintiff, Neal Gartner, is a resident of the Town of Narragansett, County of Washington, State of Rhode Island.

6. Plaintiff, Carlos Herrera, is a resident of the Town of South Kingstown, County of Washington, State of Rhode Island.

7. Plaintiff, Jacob Kaminski, is a resident of the Town of West Warwick, County of Kent, State of Rhode Island.

8. Plaintiff, James McNulty, is a resident of the Town of South Kingstown, County of Washington, State of Rhode Island.

9. Plaintiff, John McNulty, is a resident of the Town of Charlestown, County of Washington, State of Rhode Island.

10. Plaintiff, John Motolla, is a resident of the City of Cranston, County of Providence, State of Rhode Island.

11. Plaintiff, Robert Kenyon, is a resident of the town of South Kingstown, County of Washington, State of Rhode Island.

12. Defendant, Huntress Inc., is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in the Town of North Kingstown, County of Washington, State of Rhode Island and the owner of the F/V Persistence.

13. Defendant Relentless, Inc. is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in the Town of North Kingstown, County of Washington, State of Rhode Island and the owner of the F/V Relentless.

**JURISDICTION**

14. This is a matter in admiralty and this Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1333 and Plaintiffs, Scott Traudt, Susan Carr in her capacity as Executrix of the Estate of William H. Carr, Gavin Casey, James Christy, Neal Gartner, Carlos Herrera, Jacob Kaminski, James McNulty, John McNulty, John Motolla and Robert Kenyon specifically invoke the provision of Admiralty Rule 9(h).

**COUNT I**

**VIOLATION OF SEAMAN'S RIGHTS**
**UNDER 46 U.S.C. 10601**
**(SCOTT TRAUDT)**
**AS TO HUNTRESS, INC.**

15. Scott Traudt, was a member of the crew of the F/V Persistence at various times.

16. At all times relevant hereto, the F/V Persistence was owned by Defendant, Huntress, Inc.,

and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

17. The F/V Persistence weighs over twenty (20) gross tons.

18. At all times relevant hereto, Defendant, Huntress, Inc., was the employer of Plaintiff, Scott Traudt.

19. Plaintiff, Scott Traudt, was paid a share of the proceeds of the catch of the F/V Persistence.

20. There was no valid enforceable written agreement between Plaintiff, Scott Traudt, and Defendant, Huntress, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

21. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation

22. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

23. Plaintiff, Scott Traudt, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Scott Traudt, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT II**

**VIOLATION OF SEAMAN'S RIGHTS**
**UNDER 46 U.S.C. 10601**
**(PLAINTIFF SUSAN R. CARR IN HER CAPACITY**
**AS EXECUTRIX OF THE ESTATE OF**
**WILLIAM CARR)**
**AS TO HUNTRESS, INC.**

24. Plaintiff, Susan R. Carr's decedent William Carr, was a member of the crew of the F/V Persistence at various times.

25. At all times relevant hereto, the F/V Persistence was owned by Defendant, Huntress, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

26. The F/V Persistence weighs over twenty (20) gross tons.

27. At all times relevant hereto, Defendant, Huntress, Inc., was the employer of Plaintiff

Susan R. Carr's decedent, William H. Carr.

28. Plaintiff Susan R. Carr's decedent, William H. Carr, was paid a share of the proceeds of the catch of the F/V Persistence.

29. There was no valid enforceable written agreement between Plaintiff Susan R. Carr's decedent, William H. Carr, and Defendant, Huntress, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

30. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

31. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

32. Plaintiff Susan R. Carr's decedent, William H. Carr, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Susan R. Carr in her capacity as duly appointed Executrix of the Estate of William H. Carr prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for the Estate against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that

which William H. Carr was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT III**

**VIOLATION OF SEAMAN'S RIGHTS**
**UNDER 46 U.S.C. 10601**
**(GAVIN CASEY)**
**AS TO HUNTRESS, INC.**

33. Plaintiff, Gavin Casey, was a member of the crew of the F/V Persistence at various times.

34. At all times relevant hereto, the F/V Persistence was owned by Defendant, Huntress, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

35. The F/V Persistence weighs over twenty (20) gross tons.

36. At all times relevant hereto, Defendant, Huntress, Inc., was the employer of Plaintiff, Gavin Casey.

37. Plaintiff, Gavin Casey, was paid a share of the proceeds of the catch of the F/V Persistence.

38. There was no valid enforceable written agreement between Plaintiff, Gavin Casey and Defendant, Huntress, Inc., as to what percentage of the catch he was to be paid meeting

the requirements of law.

39. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

40. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

41. Plaintiff, Gavin Casey, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Gavin Casey prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT IV**

**VIOLATION OF SEAMAN'S RIGHTS UNDER 46 U.S.C. 10601 (JAMES CHRISTY) AS TO HUNTRESS, INC.**

42. Plaintiff, James Christy, was a member of the crew of the F/V Persistence at various times.

43. At all times relevant hereto, the F/V Persistence was owned by Defendant, Huntress, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

44. The F/V Persistence weighs over twenty (20) gross tons.

45. At all times relevant hereto, Defendant, Huntress, Inc., was the employer of Plaintiff, James Christy.

46. Plaintiff, James Christy, was paid a share of the proceeds of the catch of the F/V Persistence.

47. There was no valid enforceable written agreement between Plaintiff, James Christy, and Defendant, Huntress, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

48. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

49. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew

members with the same rating.

50. Plaintiff, James Christy, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, James Christy, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT V**

**VIOLATION OF SEAMAN'S RIGHTS**
**UNDER 46 U.S.C. 10601**
**(NEAL GARTNER)**
**AS TO HUNTRESS, INC.**

51. Plaintiff, Neal Gartner, was a member of the crew of the F/V Persistence at various times.

52. At all times relevant hereto, the F/V Persistence was owned by Defendant, Huntress, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

53. The F/V Persistence weighs over twenty (20) gross tons.

54. At all times relevant hereto, Defendant, Huntress, Inc., was the employer of Plaintiff,

Neal Gartner.

55. Plaintiff, Neal Gartner, was paid a share of the proceeds of the catch of the F/V Persistence.

56. There was no valid enforceable written agreement between Plaintiff, Neal Gartner, and Defendant, Huntress, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

57. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

58. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

59. Plaintiff, Neal Gartner, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Neal Gartner, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally

drawn agreement, plus interest, plus costs, plus attorneys fees.

## COUNT VI

## VIOLATION OF SEAMAN'S RIGHTS
## UNDER 46 U.S.C. 10601
## (CARLOS HERRERA)
## AS TO HUNTRESS, INC.

60. Plaintiff, Carlos Herrera, was a member of the crew of the F/V Persistence at various times.

61. At all times relevant hereto, the F/V Persistence was owned by Defendant, Huntress, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

62. The F/V Persistence weighs over twenty (20) gross tons.

63. At all times relevant hereto, Defendant, Huntress, Inc., was the employer of Plaintiff, Carlos Herrera.

64. Plaintiff, Carlos Herrera, was paid a share of the proceeds of the catch of the F/V Persistence.

65. There was no valid enforceable written agreement between Plaintiff, Carlos Herrera, and Defendant, Huntress, Inc., as to what percentage of the catch he was to be paid meeting

the requirements of law.

66. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

67. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

68. Plaintiff, Carlos Herrera, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Carlos Herrera, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

## COUNT VII

## VIOLATION OF SEAMAN'S RIGHTS UNDER 46 U.S.C. 10601 (JACOB KAMINSKI) AS TO HUNTRESS, INC.

69. Plaintiff, Jacob Kaminski, was a member of the crew of the F/V Persistence at various times.

70. At all times relevant hereto, the F/V Persistence was owned by Defendant, Huntress, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

71. The F/V Persistence weighs over twenty (20) gross tons.

72. At all times relevant hereto, Defendant, Huntress, Inc., was the employer of Plaintiff, Jacob Kaminski.

73. Plaintiff, Jacob Kaminski, was paid a share of the proceeds of the catch of the F/V Persistence.

74. There was no valid enforceable written agreement between Plaintiff, Jacob Kaminski, and Defendant, Huntress, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

75. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

76. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew

members with the same rating

77. Plaintiff, Jacob Kaminski, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Jacob Kaminski, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

## COUNT VIII

## VIOLATION OF SEAMAN'S RIGHTS UNDER 46 U.S.C. 10601 (JAMES MCNULTY) AS TO HUNTRESS, INC.

78. Plaintiff, James McNulty, was a member of the crew of the F/V Persistence at various times.

79. At all times relevant hereto, the F/V Persistence was owned by Defendant, Huntress, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

80. The F/V Persistence weighs over twenty (20) gross tons.

81. At all times relevant hereto, Defendant, Huntress, Inc., was the employer of Plaintiff,

James McNulty.

82. Plaintiff, James McNulty, was paid a share of the proceeds of the catch of the F/V Persistence.

83. There was no valid enforceable written agreement between Plaintiff, James McNulty, and Defendant, Huntress, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

84. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

85. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

86. Plaintiff, James McNulty, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, James McNulty, prays this Honorable Court enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT IX**

**VIOLATION OF SEAMAN'S RIGHTS
UNDER 46 U.S.C. 10601
(JOHN MCNULTY)
AS TO HUNTRESS, INC.**

87. Plaintiff, John McNulty, was a member of the crew of the F/V Persistence at various times.

88. At all times relevant hereto, the F/V Persistence was owned by Defendant, Huntress, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

89. The F/V Persistence weighs over twenty (20) gross tons.

90. At all times relevant hereto, Defendant, Huntress, Inc., was the employer of Plaintiff, John McNulty.

91. Plaintiff, John McNulty, was paid a share of the proceeds of the catch of the F/V Persistence.

92. There was no valid enforceable written agreement between Plaintiff, John McNulty, and Defendant, Huntress, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

93. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

94. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

95. Plaintiff, John McNulty, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, John McNulty, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT X**

**VIOLATION OF SEAMAN'S RIGHTS**
**UNDER 46 U.S.C. 10601**
**(JOHN MOTOLLA)**
**AS TO HUNTRESS, INC.**

96. Plaintiff, John Motolla, was a member of the crew of the F/V Persistence at various

times.

97. At all times relevant hereto, the F/V Persistence was owned by Defendant, Huntress, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

98. The F/V Persistence weighs over twenty (20) gross tons.

99. At all times relevant hereto, Defendant, Huntress, Inc., was the employer of Plaintiff, John Motolla.

100. Plaintiff, John Motolla, was paid a share of the proceeds of the catch of the F/V Persistence.

101. There was no valid enforceable written agreement between Plaintiff, John Motolla, and Defendant, Huntress, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

102. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

103. In the absence of a written agreement as set forth above, the vessel owner is liable *in*

*personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

104. Plaintiff, John Motolla, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, John Motolla, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

## COUNT XI

### VIOLATION OF SEAMAN'S RIGHTS UNDER 46 U.S.C. 10601 (ROBERT KENYON) AS TO HUNTRESS, INC.

105. Plaintiff, Robert Kenyon, was a member of the crew of the F/V Persistence at various times.

106. At all times relevant hereto, the F/V Persistence was owned by Defendant, Huntress, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

107. The F/V Persistence weighs over twenty (20) gross tons.

108. At all times relevant hereto, Defendant, Huntress, Inc., was the employer of Plaintiff, Robert Kenyon.

109. Plaintiff, Robert Kenyon, was paid a share of the proceeds of the catch of the F/V Persistence.

110. There was no valid enforceable written agreement between Plaintiff, Robert Kenyon, and Defendant, Huntress, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

111. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

112. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

113. Plaintiff, Robert Kenyon, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Robert Kenyon, prays this Honorable Court order Defendant

provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT XII**

**VIOLATION OF SEAMAN'S RIGHTS**
**UNDER 46 U.S.C. 10601**
**(SCOTT TRAUDT)**
**AS TO RELENTLESS, INC.**

114. Plaintiff, Scott Traudt, was a member of the crew of the F/V Relentless at various times.

115. At all times relevant hereto, the F/V Relentless was owned by Defendant, Relentless, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

116. The F/V Relentless weighs over twenty (20) gross tons.

117. At all times relevant hereto, Defendant, Relentless, Inc., was the employer of Plaintiff, Scott Traudt.

118. Plaintiff, Scott Traudt, was paid a share of the proceeds of the catch of the F/V Relentless, Inc.

119. There was no valid enforceable written agreement between Plaintiff, Scott Traudt, and Defendant, Relentless, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

120. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

121. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

122. Plaintiff, Scott Traudt, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Scott Traudt, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

## COUNT XIII

## VIOLATION OF SEAMAN'S RIGHTS UNDER 46 U.S.C. 10601

**(PLAINTIFF SUSAN R. CARR IN HER CAPACITY AS EXECUTRIX OF THE ESTATE OF WILLIAM H. CARR) AS TO RELENTLESS, INC.**

123. Plaintiff, Susan R. Carr's decedent William H. Carr, was a member of the crew of the F/V Relentless at various times.

124. At all times relevant hereto, the F/V Relentless was owned by Defendant, Relentless, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

125. The F/V Relentless weighs over twenty (20) gross tons.

126. At all times relevant hereto, Defendant, Relentless, Inc., was the employer of Plaintiff, Susan R. Carr's decedent, William H. Carr.

127. Plaintiff, Susan R. Carr's decedent, William H. Carr, was paid a share of the proceeds of the catch of the F/V Relentless, Inc.

128. There was no valid enforceable written agreement between Plaintiff, Susan R. Carr's decedent, William H. Carr, and Defendant, Relentless, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

129. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew

member will receive as compensation.

130. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

131. Plaintiff, Susan R. Carr's decedent, William H. Carr, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Susan R. Carr in her capacity as duly appointed Executrix of the Estate of William H. Carr, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for the Estate against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which William H. Carr was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT XIV**

**VIOLATION OF SEAMAN'S RIGHTS**
**UNDER 46 U.S.C. 10601**
**(GAVIN CASEY)**
**AS TO RELENTLESS, INC.**

132. Plaintiff, Gavin Casey, was a member of the crew of the F/V Relentless at various times.

133. At all times relevant hereto, the F/V Relentless was owned by Defendant, Relentless, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

134. The F/V Relentless weighs over twenty (20) gross tons.

135. At all times relevant hereto, Defendant, Relentless, Inc., was the employer of Plaintiff, Gavin Casey.

136. Plaintiff, Gavin Casey, was paid a share of the proceeds of the catch of the F/V Relentless, Inc.

137. There was no valid enforceable written agreement between Plaintiff, Gavin Casey, and Defendant, Relentless, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

138. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

139. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

140. Plaintiff, Gavin Casey, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Gavin Casey, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs plus attorneys fees.

## COUNT XV

## VIOLATION OF SEAMAN'S RIGHTS UNDER 46 U.S.C. 10601 (JAMES CHRISTY) AS TO RELENTLESS, INC.

141. Plaintiff, James Christy, was a member of the crew of the F/V Relentless at various times.

142. At all times relevant hereto, the F/V Relentless was owned by Defendant, Relentless, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

143. The F/V Relentless weighs over twenty (20) gross tons.

144. At all times relevant hereto, Defendant, Relentless, Inc., was the employer of Plaintiff, James Christy.

145. Plaintiff, James Christy, was paid a share of the proceeds of the catch of the F/V Relentless, Inc.

146. There was no valid enforceable written agreement between Plaintiff, James Christy, and Defendant, Relentless, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

147. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

148. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

149. Plaintiff, James Christy, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, James Christy, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT XVI**

**VIOLATION OF SEAMAN'S RIGHTS**
**UNDER 46 U.S.C. 10601**
**(NEAL GARTNER)**
**AS TO RELENTLESS, INC.**

150. Plaintiff, Neal Gartner, was a member of the crew of the F/V Relentless at various times.

151. At all times relevant hereto, the F/V Relentless was owned by Defendant, Relentless, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

152. The F/V Relentless weighs over twenty (20) gross tons.

153. At all times relevant hereto, Defendant, Relentless, Inc., was the employer of Plaintiff, Neal Gartner.

154. Plaintiff, Neal Gartner, was paid a share of the proceeds of the catch of the F/V Relentless, Inc.

155. There was no valid enforceable written agreement between Plaintiff, Neal Gartner, and Defendant, Relentless, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

156. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

157. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

158. Plaintiff, Neal Gartner, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Neal Gartner, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

## COUNT XVII

## VIOLATION OF SEAMAN'S RIGHTS UNDER 46 U.S.C. 10601 (CARLOS HERRERA) AS TO RELENTLESS, INC.

159. Plaintiff, Carols Herrera, was a member of the crew of the F/V Relentless at various times.

160. At all times relevant hereto, the F/V Relentless was owned by Defendant, Relentless, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

161. The F/V Relentless weighs over twenty (20) gross tons.

162. At all times relevant hereto, Defendant, Relentless, Inc., was the employer of Plaintiff, Carlos Herrera.

163. Plaintiff, Carol Herrara, was paid a share of the proceeds of the catch of the F/V Relentless, Inc.

164. There was no valid enforceable written agreement between Plaintiff, Carlos Herrera, and Defendant, Relentless, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

165. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

166. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew

members with the same rating.

167. Plaintiff, Carlos Herrera, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Carlos Herrera, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT XVIII**

**VIOLATION OF SEAMAN'S RIGHTS UNDER 46 U.S.C. 10601 (JACOB KAMINSKI) AS TO RELENTLESS, INC.**

168. Plaintiff, Jacob Kaminski, was a member of the crew of the F/V Relentless at various times.

169. At all times relevant hereto, the F/V Relentless was owned by Defendant, Relentless, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

170. The F/V Relentless weighs over twenty (20) gross tons.

171. At all times relevant hereto, Defendant, Relentless, Inc., was the employer of Plaintiff, Jacob Kaminski.

172. Plaintiff, Jacob Kaminski, was paid a share of the proceeds of the catch of the F/V Relentless, Inc.

173. There was no valid enforceable written agreement between Plaintiff, Jacob Kaminski, and Defendant, Relentless, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

174. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

175. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

176. Plaintiff, Jacob Kaminski, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Kaminski, prays this Honorable Court order Defendant provide

accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT XIX**

**VIOLATION OF SEAMAN'S RIGHTS**
**UNDER 46 U.S.C. 10601**
**(JAMES MCNULTY)**
**AS TO RELENTLESS, INC.**

177. Plaintiff, James McNulty, was a member of the crew of the F/V Relentless at various times.

178. At all times relevant hereto, the F/V Relentless was owned by Defendant, Relentless, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

179. The F/V Relentless weighs over twenty (20) gross tons.

180. At all times relevant hereto, Defendant, Relentless, Inc., was the employer of Plaintiff, James McNulty.

181. Plaintiff, James McNulty, was paid a share of the proceeds of the catch of the F/V Relentless, Inc.

182. There was no valid enforceable written agreement between Plaintiff, James McNulty, and Defendant, Relentless, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

183. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

184. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

185. Plaintiff, James McNulty, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, James McNulty, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

**COUNT XX**

**VIOLATION OF SEAMAN'S RIGHTS**
**UNDER 46 U.S.C. 10601**
**(JOHN MCNULTY)**
**AS TO RELENTLESS, INC.**

186. Plaintiff, John McNulty, was a member of the crew of the F/V Relentless at various times.

187. At all times relevant hereto, the F/V Relentless was owned by Defendant, Relentless, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

188. The F/V Relentless weighs over twenty (20) gross tons.

189. At all times relevant hereto, Defendant, Relentless, Inc., was the employer of Plaintiff, John McNulty.

190. Plaintiff, John McNulty, was paid a share of the proceeds of the catch of the F/V Relentless, Inc.

191. There was no valid enforceable written agreement between Plaintiff, John McNulty, and Defendant, Relentless, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

192. A written agreement is required between the owner of a vessel of more than twenty (20)

tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

193. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

194. Plaintiff, John McNulty, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, John McNulty, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs, plus attorneys fees.

## COUNT XXI

## VIOLATION OF SEAMAN'S RIGHTS UNDER 46 U.S.C. 10601 (JOHN MOTOLLA) AS TO RELENTLESS, INC.

195. Plaintiff, John Motolla, was a member of the crew of the F/V Relentless at various times.

196. At all times relevant hereto, the F/V Relentless was owned by Defendant, Relentless, Inc., and was engaged in commercial fishing and commenced its voyages from ports of

the United States of America.

197. The F/V Relentless weighs over twenty (20) gross tons.

198. At all times relevant hereto, Defendant, Relentless, Inc., was the employer of Plaintiff, John Motolla.

199. Plaintiff, John Motolla, was paid a share of the proceeds of the catch of the F/V Relentless, Inc.

200. There was no valid enforceable written agreement between Plaintiff, John Motolla, and Defendant, Relentless, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

201. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

202. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid crew members with the same rating.

203. Plaintiff, John Motolla, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, John Motolla, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs plus attorneys fees.

## COUNT XXII

## VIOLATION OF SEAMAN'S RIGHTS UNDER 46 U.S.C. 10601 (ROBERT KENYON) AS TO RELENTLESS, INC.

204. Plaintiff, Robert Kenyon, was a member of the crew of the F/V Relentless at various times.

205. At all times relevant hereto, the F/V Relentless was owned by Defendant, Relentless, Inc., and was engaged in commercial fishing and commenced its voyages from ports of the United States of America.

206. The F/V Relentless weighs over twenty (20) gross tons.

207. At all times relevant hereto, Defendant, Relentless, Inc., was the employer of Plaintiff,
Robert Kenyon.

208. Plaintiff, Robert Kenyon, was paid a share of the proceeds of the catch of the F/V Relentless, Inc.

209. There was no valid enforceable written agreement between Plaintiff, Robert Kenyon, and Defendant, Relentless, Inc., as to what percentage of the catch he was to be paid meeting the requirements of law.

210. A written agreement is required between the owner of a vessel of more than twenty (20) tons and members of its vessel's crew setting the percentage share of the catch a crew member will receive as compensation.

211. In the absence of a written agreement as set forth above, the vessel owner is liable *in personam* for the highest rate of wages at North Kingstown, Rhode Island paid

crew members with the same rating.

212. Plaintiff, Robert Kenyon, is entitled to an accounting of any and all trips he made.

WHEREFORE, Plaintiff, Robert Kenyon, prays this Honorable Court order Defendant provide accounting for any and all trips he made and enter judgment for him against this Defendant for the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement, plus interest, plus costs plus attorneys fees.

Respectfully submitted,

Plaintiffs, By their attorney,

/s/Merlyn P. O'Keefe
238 Robinson Street
Wakefield, RI 02879
(401) 789-4850 phone
(401) 789-1757 fax
silveroar@gmail.com

CERTIFICATION

I hereby certify that I mailed a true copy of the within on the 17th day of February 2007 to J. Renn Olenn, Esquire, Olenn & Penza, 530 Greenwich Avenue, Warwick, RI 02886.

/s/Merlyn P. O'Keefe