MKD:tsp 6640/2 \pleading\66402Answer

UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SCOTT TRAUDT, et al | ) | |
| | ) | |
| VS. | ) | C.A. NO. 03-241L |
| | ) | |
| HUNTRESS, INC., et al | ) | |

**ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

**PARTIES**

1. Defendants are without sufficient information to determine the veracity of the allegation but leave plaintiff to its proof with respect to the entire allegation.

2. Defendants are without sufficient information to determine the veracity of the allegation but leave plaintiff to its proof with respect to the entire allegation.

3. Defendants are without sufficient information to determine the veracity of the allegation but leave plaintiff to its proof with respect to the entire allegation.

4. Defendants are without sufficient information to determine the veracity of the allegation but leave plaintiff to its proof with respect to the entire allegation.

5. Defendants are without sufficient information to determine the veracity of the allegation but leave plaintiff to its proof with respect to the entire allegation.

6. Defendants are without sufficient information to determine the veracity of the allegation but leave plaintiff to its proof with respect to the entire allegation.

7. Defendants are without sufficient information to determine the veracity of the allegation but leave plaintiff to its proof with respect to the entire allegation.

8. Defendants are without sufficient information to determine the veracity of the allegation but leave plaintiff to its proof with respect to the entire allegation.

9. Defendants are without sufficient information to determine the veracity of the allegation but leave plaintiff to its proof with respect to the entire allegation.

10. Defendants are without sufficient information to determine the veracity of the allegation but leave plaintiff to its proof with respect to the entire allegation.

11. Defendants are without sufficient information to determine the veracity of the allegation

but leave plaintiff to its proof with respect to the entire allegation.

12. Admitted.

13. Admitted.

**JURISDICTION**

14. Admitted that this court has jurisdiction over this matter.

**COUNT I**

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

19. Admitted.

20. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

21. Denied.

22. Denied.

23. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT II**

24. Admitted.

25. Admitted.

26. Admitted.

27. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

28. Admitted.

29. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

30. Denied.

31. Denied.

32. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT III**

33. Admitted.

34. Admitted.

35. Admitted.

36. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

37. Admitted.

38. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

39. Denied.

40. Denied.

41. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT IV**

42. Admitted.

43. Admitted.

44. Admitted.

45. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

46. Admitted.

47. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

48. Denied.

49. Denied.

50. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT V**

51. Admitted.

52. Admitted.

53. Admitted.

54. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

55. Admitted.

56. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

57. Denied.

58. Denied.

59. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT VI**

60. Admitted.

61. Admitted.

62. Admitted.

63. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

64. Admitted.

65. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

66. Denied.

67. Denied.

68. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT VII**

69. Admitted.

70. Admitted.

71. Admitted.

72. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

73. Admitted.

74. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

75. Denied.

76. Denied.

77. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT VIII**

78. Admitted.

79. Admitted.

80. Admitted.

81. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

82. Admitted.

83. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

84. Denied.

85. Denied.

86. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT IX**

87. Admitted.

88. Admitted.

89. Admitted.

90. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

91. Admitted.

92. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

93. Denied.

94. Denied.

95. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT X**

96. Admitted.

97. Admitted.

98. Admitted.

99. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

100. Admitted.

101. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

102. Denied.

103. Denied.

104. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

## COUNT XI

105. Admitted.

106. Admitted.

107. Admitted.

108. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

109. Admitted.

110. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

111. Denied.

112. Denied.

113. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

## COUNT XII

114. Admitted.

115. Admitted.

116. Admitted.

117. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

118. Admitted.

119. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

120. Denied.

121. Denied.

122. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT XIII**

123. Admitted.

124. Admitted.

125. Admitted.

126. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

127. Admitted.

128. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

129. Denied.

130. Denied.

131. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT XIV**

132. Admitted.

133. Admitted.

134. Admitted.

135. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

136. Admitted.

137. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

138. Denied.

139. Denied.

140. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT XV**

141. Admitted.

142. Admitted.

143. Admitted.

144. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

145. Admitted.

146. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

147. Denied.

148. Denied.

149. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT XVI**

150. Admitted.

151. Admitted.

152. Admitted.

153. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

154. Admitted.

155. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

156. Denied.

157. Denied.

158. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT XVII**

159. Admitted.

160. Admitted.

161. Admitted.

162. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

163. Admitted.

164. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

165. Denied.

166. Denied.

167. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs,

attorneys fees and interest on the same.

**COUNT XVIII**

168. Admitted.

169. Admitted.

170. Admitted.

171. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

172. Admitted.

173. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

174. Denied.

175. Denied.

176. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT XIX**

177. Admitted.

178. Admitted.

179. Admitted.

180. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

181. Admitted.

182. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

183. Denied.

184. Denied.

185. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT XX**

186. Admitted.

187. Admitted.

188. Admitted.

189. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

190. Admitted.

191. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

192. Denied.

193. Denied.

194. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

**COUNT XXI**

195. Admitted.

196. Admitted.

197. Admitted.

198. Denied to the extent that defendant is categorized as an employer of plaintiff and leave

plaintiff to his proof of the same.

199. Admitted.

200. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

201. Denied.

202. Denied.

203. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

## COUNT XXII

204. Admitted.

205. Admitted.

206. Admitted.

207. Denied to the extent that defendant is categorized as an employer of plaintiff and leave plaintiff to his proof of the same.

208. Admitted.

209. Admitted that defendants did not have a written agreement that set forth the percentage share of the catch that a crew member would receive. Denied as to the remainder of the allegation.

210. Denied.

211. Denied.

212. Admitted.

WHEREFORE, Defendant demands judgment against the plaintiff, in addition to costs, attorneys fees and interest on the same.

Defendants assert the following affirmative defenses against all plaintiffs and all counts:

**FIRST AFFIRMATIVE DEFENSE**

Defendants affirmatively plead that plaintiff's complaint fails to state a claim upon which relief can be granted as the U.S. Supreme Court has not rendered a decision as to whether 46 USC §11107 is applicable to fishermen earning lay shares.

**SECOND AFFIRMATIVE DEFENSES**

______Defendants affirmatively plead the defense of laches generally, and specifically as set forth in this Court's and the First Circuit Court of Appeals' decisions in Doyle, et al. v. Huntress, et al., published at 474 F.Supp.2d 337 and 513 F.3d 331, respectively.

**THIRD AFFIRMATIVE DEFENSE**

______Defendants affirmatively plead accord and satisfaction.

**FOURTH AFFIRMATIVE DEFENSE**

______Defendants affirmatively plead the defense of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

______Defendants affirmatively plead the defense of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

______Defendants affirmatively plead the failure of consideration.

**SEVENTH AFFIRMATIVE DEFENSE**

______Defendants affirmatively plead all equitable defenses as may be applicable to the various claims and parties to this claim.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants affirmatively plead unjust enrichment as a bar to plaintiff's claims.

Respectfully Submitted,
DEFENDANTS,
By their Attorneys,

/s/J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

/s/Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on May 7, 2008 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
238 Robinson St.
Peace Dale, RI 02879

/s/ J. Renn Olenn, Esq.

/s/ Martin K. DeMagistris, Esq.