MKD:jmr 6640/2 \pleading\66402Objection

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SCOTT TRAUDT, ET AL :
:
VS. : C.A. NO. 03-241L
:
HUNTRESS, INC., ET AL :

**DEFENDANTS' OBJECTION TO**
**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS COMPLAINT**

Now comes defendant in the above-entitled action and hereby objects to the plaintiff's motion to voluntarily dismiss their action pursuant to Rule 41(a). After seven years of litigating the companion case to this case, *Doyle, et al v. Huntress, et al*, *01-409L*, including a full trial, and two appeals to the First Circuit, the legal framework of the present action was finally set. Defendants would be grossly prejudiced if these plaintiff's were permitted to recommence their action in state court in hopes of creating new standards and a completely different legal framework within which to litigate that case. The present case was stayed pending the outcome in the *Doyle* decision based on the parties and the court's acknowledgment that the issues addressed and eventually resolved in *Doyle* would essentially be dispositive, one way or the other, of these plaintiff's claims. Defendants will have been severely hamstrung by both parties' failure to conduct discovery during this time given the implied stipulation, and express understanding that fact discovery would be relatively unimportant compared to the determination of the legal framework within which the facts would be presented at trial. Defendants rely on the attached memorandum of law in support of their objection.

Respectfully Submitted,
DEFENDANTS,
By their Attorneys,

/s/ J. Renn Olenn
J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

/s/ Martin K. DeMagistris
Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 22nd day of July, 2008 and that a copy is available for viewing and downloading via the ECF system and that I have caused a copy to be sent to:

Merlyn O'Keefe, Esq.
238 Robinson Street, 2nd Floor
Wakefield, RI 02879

/s/ Martin K. DeMagistris

MKD:jmr 6640/2 \pleading\66402MemoOfLaw

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SCOTT TRAUDT, ET AL | : | |
| | : | |
| VS. | : | C.A. NO. 03-241L |
| | : | |
| HUNTRESS, INC., ET AL | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR VOLUNTARILY DISMISSAL PURSUANT TO RULE 41(a)**

Discovery and all other proceedings in this case have been stayed pending the resolution of the multitude of legal issues in *Doyle, et al v. Huntress, Inc., et al,* C.A. No. 01-409L. (See 513 F.3d 331 (1st Cir. 2008); 419 F.3d 3 (1st Cir. 2005); 474 F.Supp.2d 337 (D.R.I. 2007); 301 F.Supp.2d 135 (D.R.I. 2004)). The stay on discovery and other proceedings was the result of the court's and all counsels' acknowledgment that a resolution of the issues in *Doyle* would essentially resolve the claims of the plaintiffs in the present case. (See Exhibits 1-3, plaintiffs' Motion to Lift Stay and defendants' opposition thereto; defendants' Motion to Consolidate and plaintiff's opposition thereto.) As reflected in the attached pleadings, the parties' acknowledged and relied on the binding effect of the *Doyle* decision on this case.

Now, after what plaintiff's perceive as an unfavorable result in *Doyle*, plaintiffs seek a second bite at the apple by refiling this case in state court where this court's and the First Circuit Appeals Court's opinions have no binding effect. See *Lockhart v. Fretwell*, 506 U.S. 364 (U.S. 1993) (The supremacy clause demands that state law yield to federal law, but neither federal supremacy nor any other principal of federal law requires that a state court's interpretation of federal law give way to a (lower) federal court's interpretation. In our federal system, a state's trial court interpretation of federal law is no less authoritative than that of the federal court of appeals in whose circuit the trial court is located. *Id.* citing *Steffel v. Thompson*, 415 U.S. 452, 482, N.3 (1974).)

Dispensing with the very purpose behind foregoing discovery and proceeding with this case, plaintiffs are now attempting to strip defendants of the framework within which the parties agreed to

proceed; namely, the decision in the *Doyle* case.[1] As discussed below, this is precisely the prejudice that has led other courts to deny plaintiff's motions to dismiss under Rule 41(a)(2).

**I. <u>Legal Standard</u>**

A trial judge's decision on a motion for a voluntarily dismissal is reviewed under an abuse of discretion standard. In order to overcome a plaintiff's motion for voluntarily dismissal, a defendant must show that they will suffer "some plan legal prejudice other than the mere prospect of a second lawsuit." *Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506 (5th Cir. 2007). The purpose of the rule allowing plaintiff to seek dismissal of a lawsuit is to permit the plaintiff, with approval of the court, voluntarily to dismiss an action as long as no other party will be prejudiced, and the district court is responsible under the rule for exercising its discretion to ensure that such prejudice will not occur. However, that the plaintiff will gain a tactical advantage is insufficient prejudice. *Id. Doe v. Urohealth Systems, Inc.*, 216 F.3d 157 (1st Cir. 2000), quoting *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981). "The very concept of discretion presupposes a zone of choice within which the trial courts may go either way [in granting or denying the motion]." *Id*. quoting *Kern v. TXO Production Corp.*, 738 F.2d 968, 971 (8th Cir. 1984).

**II. <u>Analysis</u>**

The defendants in this case will be severely prejudice by the dismissal of this case. They will have lost all binding precedent established in the *Doyle* case and lost the opportunity for timely discovery of any kind. A defendant is prejudiced by voluntary dismissal of a lawsuit if dismissal "effectively strips him of a defense that would otherwise be available." *Hyde* at 509, quoting *Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d 176, 177 (5th Cir. 1990).

In *Ikospentakis*, several months after filing a Jones Act Claim in federal court, the plaintiff filed a motion for voluntary dismissal in order to refile the same lawsuit in Louisiana state court. The

---

[1]Specifically, the three year analogous period of limitations for laches analysis. As discussed in the recent Rule 16 Conference with the Court, none of these eleven plaintiffs served within three (3) years that suit was filed. Therefore, the presumption of laches would benefit defendants.

defendants objected on the grounds that it would prejudice them to defend the case in Louisiana state court where forum non-conveniens was not recognized as a defense. Although the availability and likelihood of prevailing on a forum non-conveniens defense was not established to a certainty, the court held that as long as the defense was not frivolous, its unavailability in state court constitutes prejudice. *Id.* at 178.

In the instant case, defendants would be entitled to claim laches as a defense to an action in state court. However, the state court would be free to establish any framework within which to apply the laches analysis, including adopting a different analogous period of limitations, different burdens of proof on different parties. Given the intent of the parties in litigating the *Doyle* case to establish that very framework for this case, precluding the defendants from being able to assert the *Doyle* group of published cases as binding precedent is the ultimate prejudice.

Prejudice also arises from the passage of time. Because the intent of the parties was to apply the outcome in the *Doyle* case to the instant case, discovery, including depositions, interrogatories, and requests for admissions, was considered relatively unnecessary by all parties. Giving the plaintiffs a second bite of the apple in state court to establish a new legal framework for this case prejudices the defendant's ability to defend themselves on evidentiary grounds. Had the plaintiffs timely filed their action in state court, the investigation of the recollections of plaintiffs' fellow crewmen, among other relevant factual issues, would have been pursued hotly. Now years later, memories are that much more faded and defendants' ability to present an evidentiary case in light of whatever legal framework the state court chooses to adopt is compromised.

The parties acknowledged the binding effect of *Doyle* in the context of the two motions to consolidate this case with *Doyle*. In fact, plaintiff's only objection to consolidation was that the two sets of plaintiffs were at different points in discovery. (See Exhibit 1, plaintiffs' opposition to defendants' Motion to Consolidate.) Pointing to a number of decisions addressing motions to consolidate where the cases involved the same or similar law and facts, the plaintiffs argued against consolidation based solely on the extent to which discovery had been conducted in *Doyle*. (See plaintiffs' objection at p. 3, citing *Transeastern Shipping v. India Supply Mission*, 53 F.R.D. 204 (S.D.N.Y. 1971)("because of the similarity in the cases, it is likely that a disposition in one will encourage settlement in the others.") In fact, the nearly identical factual and legal issues was the sole

basis upon which defendants moved to stay proceedings in this case, which were acknowledged by both the plaintiffs and this court. Had plaintiffs chosen to move to voluntarily dismiss their claims at that point, before a final determination of the legal issues involved in *Doyle*, both cases may have proceeded much differently.

Defendants' position with respect to this motion for voluntary dismissal may likely have been different had it been made four or five years ago, before the expenditure of thousands of dollars and five years of establishing binding precedent with the express cooperation of the plaintiffs. To go back on this express agreement, pulling the rug out from under the defendants simply because "the gamble didn't pay off" is highly prejudicial at this late point in the game.

In short, defendants would face much more than the mere prospect of a second lawsuit should plaintiff's motion be granted. Based on the foregoing, defendants respectfully request this Court deny plaintiff's motion for voluntary dismissal and allow this case to proceed as has been agreed to by the parties since its filing

Respectfully Submitted,
DEFENDANTS,
By their Attorneys,

/s/ J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

/s/ Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 22nd day of July, 2008 and that a copy is available for viewing and downloading via the ECF system and that I have caused a copy to be sent to:

Merlyn O'Keefe, Esq.
238 Robinson Street, 2nd Floor
Wakefield, RI 02879

/s/Martin K. DeMagistris

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SCOTT TRAUDT<br>PLAINTIFF | : | |
| v. | : | C. A. NO. 03-241L |
| HUNTRESS, INC.<br>DEFENDANT | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF SCOTT TRAUDT'S OBJECTION TO DEFENDANT'S MOTION TO CONSOLIDATE**

Plaintiff Scott Traudt labels Neal Gartner as a soon-to-be Plaintiff only given Defendant's explicit representation that they will not object to the motion to amend.

Defendants file a second motion to consolidate while its first motion to consolidate on the very same grounds remains pending before this Court. Were either motion granted, the significant work of the Court, its Judge Magistrate and staff, and both parties had to do to give traction to that first case, *Doyle, et al.* v. *Relentless, Inc. and Huntress, Inc.* 01-409L, and leave ripe for decision would be left standing as something of a waste.

Discovery in *Doyle* entailed all local plaintiffs being deposed, all plaintiffs answering interrogatories and requests

for admission, various motions to compel and even a motion to dismiss being filed against Plaintiffs. Plaintiffs filed and received answers to interrogatories and deposed two of Defendant's employees. Plaintiffs simply do not agree with Defendants that the discovery going forward would be minimal and quick--it would not be as Mr. Traudt is a Vermont resident and Mr. Gartner a commercial fisherman with the attendant difficulties of getting them to the table and they would be engaged in both offensive and defensive discovery.

*Doyle* was filed in August, 2001 and was not ripe for hearing on the parties cross motions for summary judgment until eighteen months later when it was heard on 7 February, 2003.

Plaintiffs admit that the cause of action Traudt brings and Gartner hopes to bring are the same as *Doyle* and that the Defendants are the same, but that does not automatically warrant a Rule 42 consolidation. This has to be particularly so when some plaintiffs signed no agreement, some signed one flawed version, others signed a separate likewise flawed version, some plaintiffs worked for one defendant, some for the other defendant, some for both and at different times, some were paid a full share, sometimes others never paid a full share, some were paid 7/8 sometimes, 3/4 or 1/2 other times and Defendants raise a

multitude of defenses. The question of where Misters Traudt and Gartner fall on these issues is not known and will take time to find out.

With potential plaintiffs continuing to trickle in to undersigned counsel's office, and he has met with a number who are currently mulling their choices, Defendants would claim a right to move anew to consolidate if they were to come join suit at a later date and the decision in *Doyle*, which Plaintiffs patiently and respectfully await, could be postponed ad infinitum.

True enough, discovery being far along in one pod of cases does not preclude consolidation with a new pod. *Internet Law Library, Inc.* v. *Southbridge Capital Management, LLC* 208 F.R.D. 59 (S.D. N.Y. 2003), but only "unless discovery in one action is virtually complete while it has just commenced in another".

This case is similar to *Transeastern Shipping* v. *India Supply Mission* 53 F.R.D. 204 (S. N.Y 1971) where it was recognized that "...because of the similarity in the cases, it is likely that a disposition in one will encourage settlement in the others.", and that motion to consolidate was accordingly denied as was one in *Tiernan* v. *Westext Transport, Inc.* 295 F. Supp.

1251 (D. R.I. 1968) where a ruling in an older pod of cases was recognized as being a potential lead into dismissals of the newer pod. *See also European Community* v. *RJR Nabisco, Inc*. 150 F. Supp. 2d 456 (E.D. N.Y. 2001) (Court reverses its own consolidation order when "Continued consolidation, however, will delay the resolution of these cases unnecessarily and the cost of such delay is not outweighed by the fact that [both pods of] cases to some extent share common legal and factual issues.")

Plaintiffs would respectfully suggest that once the *Doyle* decision is rendered, the other newer cases will visibly fall on one side or the other of wherever the Court draws the line.

Respectfully submitted,
Scott Traudt
By his attorney:

Merlyn P. O'Keefe, Esquire
PACKER & O'KEEFE
1220 Kingstown Road
Peace Dale, RI 028789
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

CERTIFICATION

I hereby certify that a true copy of the within was mailed on the 15th of August, 2003 first class postage prepaid to: J. Renn Olenn, Esquire, Olenn & Penza, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling
Bonnie S. Dowling

# EXHIBIT 2

F:\data\pleading\66402mtcon2.wpd

UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SCOTT TRAUDT | ) | |
| | ) | |
| VS. | ) | C.A. NO. 03-241L |
| | ) | |
| HUNTRESS, INC. | ) | |

**DEFENDANTS, HUNTRESS, INC. AND RELENTLESS, INC.'S, RESPONSE TO PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT AND MEMORANDUM IN SUPPORT OF ITS MOTION TO CONSOLIDATE PURSUANT TO FRCP RULE 42(A)**

Defendants have no objection to plaintiff's motion to amend his complaint to include a new plaintiff. However, defendants now renew their motion to consolidate this case with *Doyle, et al v. Relentless, Inc. and Huntress, Inc.*, C.A. No. 01-409L to include the new potential plaintiff. As stated in defendants prior memorandum in support of consolidation, the legal and factual issues involved are identical. The common question of law is whether the statutory wage penalty of 46 U.S.C. §11107 applies to fishermen working for shares under 46 U.S.C. §10602. The common factual issues are whether the doctrine of laches serves to bar plaintiffs' claim and whether the documents memorializing plaintiffs' service on these trips constitute written fishing agreements under 46 U.S.C. §10601.

Plaintiffs have objected to consolidation on the basis that "discovery" has taken place in the prior case of *Doyle, et al v. Relentless, Inc.* However, the "discovery" that has taken place in the *Doyle* case was related to plaintiffs common law contract count, which plaintiffs have since voluntarily dismissed. Gartner and Traudt in this action have only repeated in this suit the same claim for relief made in *Doyle*, now awaiting decision on summary judgment. The issues facing the court in the instant case are identical to the pending issues in *Doyle, et al v. Relentless, Inc. and Huntress, Inc.*

Federal Rule of Civil Procedure 42(A) states "when actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial on any or all of the matters in issue in the actions;..." Based on the foregoing, it is clear that the

10

above-entitled action involves the same questions of law and fact as ARE currently pending before the court pursuant to cross-motions for summary judgment in *Doyle, et al v. Relentless, Inc. and Huntress, Inc.*, C.A. No. 2001-409L. Therefore, the Defendants believe that consolidation would serve the ends of judicial economy and avoid unnecessary costs and delays of both parties. Accordingly, defendant prays this court grant its motion to consolidate.

DEFENDANT,
By its Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 8-7-03 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879

# EXHIBIT 3

JRO:MKD:jmr 6640/2 pleading/66402Objection.wpd

UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SCOTT TRAUDT | : | |
| | : | |
| VS. | : | C.A. NO. 03-241L |
| | : | |
| HUNTRESS, INC. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO LIFT STAY**

Defendants have filed a notice of appeal pursuant to 28 U.S.C. §1292(a)(3) in order to appeal this court's order granting plaintiffs partial summary judgment. Specifically, defendants have requested the First Circuit to hear the appeal of the order finding that 46 U.S.C. §11107 applies to fishermen earning lay shares for violations of 46 U.S.C. §10601.

The basis for the defendant's objection is that further discovery could be a waste of both parties time and money depending on how the issues are resolved on appeal. Further, there is a very limited amount of discovery that will be relevant in this case since the issues have been narrowed to the plaintiffs' actions under 46 U.S.C. §11107. (as opposed to the additional common law contract action brought in *Doyle, et al v. Relentless, et al*).

Defendants feel that discovery in this case would be inappropriately used by the plaintiffs to "re-depose" the same individuals as were deposed in *Doyle, et al v. Relentless, et al*. As is also before this court, plaintiffs have filed a motion to re-open discovery in that case in order to explore issues that are not new and were apparent from the beginning of that litigation. In other words, re-opening discovery in this case will provide the plaintiffs a back door around a denial of their motion to reopen discovery in *Doyle, et al v. Relentless, et al*.

Accordingly, defendants request that the court deny plaintiffs motion to lift the stay on discovery pending the First Circuit Court of Appeals determination of defendants interlocutory appeal.

Assuming the appeal is not heard, defendants request the stay be enforced pending the outcome of the trial in *Doyle, et al v. Relentless, et al.* Assuming it is heard, defendants would request the stay be enforced pending the outcome of the appeal.

DEFENDANT,
By their Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on February 12, 2008 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879

MKD:jmr 6640/2 \pleading\66402Objection

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SCOTT TRAUDT, ET AL | : | |
| | : | |
| VS. | : | C.A. NO. 03-241L |
| | : | |
| HUNTRESS, INC., ET AL | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS COMPLAINT**

Now comes defendant in the above-entitled action and hereby objects to the plaintiff's motion to voluntarily dismiss their action pursuant to Rule 41(a). After seven years of litigating the companion case to this case, *Doyle, et al v. Huntress, et al, 01-409L*, including a full trial, and two appeals to the First Circuit, the legal framework of the present action was finally set. Defendants would be grossly prejudiced if these plaintiff's were permitted to recommence their action in state court in hopes of creating new standards and a completely different legal framework within which to litigate that case. The present case was stayed pending the outcome in the *Doyle* decision based on the parties and the court's acknowledgment that the issues addressed and eventually resolved in *Doyle* would essentially be dispositive, one way or the other, of these plaintiff's claims. Defendants will have been severely hamstrung by both parties' failure to conduct discovery during this time given the implied stipulation, and express understanding that fact discovery would be relatively unimportant compared to the determination of the legal framework within which the facts would be presented at trial. Defendants rely on the attached memorandum of law in support of their objection.

Respectfully Submitted,
DEFENDANTS,
By their Attorneys,

/s/ J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

/s/ Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 22nd day of July, 2008 and that a copy is available for viewing and downloading via the ECF system and that I have caused a copy to be sent to:

Merlyn O'Keefe, Esq.
238 Robinson Street, 2nd Floor
Wakefield, RI 02879