UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SCOTT TRAUDT, SUSAN R. CARR in | : | |
| her capacity as Executor of the Estate | : | |
| of WILLIAM H. CARR, GAVIN CASEY, | : | |
| JAMES CHRISTY, NEAL GARTNER, | : | |
| CARLOS HERRERA, JACOB KAMINSKI, | : | |
| ROBERT KENYON, JAMES McNULTY, | : | |
| JOHN McNULTY, and JOHN MOTTOLA | : | |
| | : | |
| v. | : | C.A. No. 03-241L |
| | : | |
| HUNTRESS, INC. and RELENTLESS, | : | |
| INC. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge.

This matter is before the Court on Plaintiffs' Motion to Voluntarily Dismiss (Document No. 41) their Fourth Amended Complaint (Document No. 38), pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendants object to the Motion. (Document No. 48). In accordance with Rule 41(a)(2), Plaintiffs must have a Court Order in order to voluntarily dismiss their lawsuit if the opposing party has already filed an answer (or a motion for summary judgment), or unless all parties stipulate to the dismissal. In the present case, Defendants not only object to the dismissal, but they have also filed several Answers to multiple revisions of the Complaint (Document Nos. 3, 20 and 39). Consequently, this matter has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1); LR Cv 72(a).

Plaintiffs are ten fishermen formerly employed by Defendants on two commercial fishing vessels. (Document No. 38). An eleventh Plaintiff is the widow and executor of another fisherman who died from unrelated causes in 2006. Id. at ¶ 2. Defendants Huntress, Inc. and Relentless, Inc.

are the corporate owners of two commercial fishing boats, the F/V Persistence and the F/V Relentless, sailing out of North Kingstown, Rhode Island.  Id. at ¶¶ 12 and 13.  All Plaintiffs made trips on both vessels, and each Plaintiff makes an identical claim for wages against both Defendants. Id.  Each claim alleges that, while each fisherman was paid a share of the proceeds of the catch at the end of each trip, there was no valid enforceable written agreement setting forth the compensation prior to embarking on the fishing trips, as required by federal statute, 46 U.S.C. § 10601. Id. at ¶¶ 20-22.  As a result, Plaintiffs allege that each fisherman is entitled to "the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement."  Id. at ¶ 23.

### Background and Travel

The present case follows an identical lawsuit brought by a different group of fishermen in 2001, against the same Defendants, based on the same federal statute.  That case, captioned Doyle et al. v. Huntress, Inc., C.A. No. 01-409L, has been the subject of extensive federal litigation in this Court, as well as before the Court of Appeals for the First Circuit.  The history of that litigation will be summarized briefly herein.

At 301 F. Supp. 2d 135 (D.R.I. 2004), Judge Ronald R. Lagueux of this Court ruled on the parties' cross motions for summary judgment, and established that 46 U.S.C. § 10601 applied to the vessel classification that included the F/V Persistence and the F/V Relentless.  Judge Lagueux ruled further that the form wage agreements that were sometimes provided by Defendants to the fishermen were not in compliance with the requirements of the statute.  After an interlocutory appeal brought by both sides, this decision was affirmed by the First Circuit at 419 F.3d 3 (1st Cir. 2005).

A bench trial followed in May 2006 in order to determine an applicable statute of limitations and to evaluate Defendants' claims of waiver and laches.  At the conclusion of the bench trial, Judge Lagueux ruled that Plaintiffs had not waived their claims.  He then rendered a written decision at 474 F. Supp. 2d 337 (D.R.I. 2007), holding that the appropriate analogous statute of limitations for claims brought under 46 U.S.C. § 10601 was Rhode Island General Laws § 28-14-30, which provides a three-year time bar for unpaid wage claims.  Judge Lagueux ruled that all claims brought by the fishermen based on fishing trips that took place more than three years prior to the filing (or joining) of the lawsuit were barred by laches.  Three of the five  Doyle plaintiffs were awarded back wages.  Both sides again appealed, and the decision was affirmed in its entirety by the First Circuit at 513 F.3d 331 (1st Cir. 2008).

**Second Lawsuit**

In the meantime, fishermen who heard about the lawsuit and realized that they had worked for Defendants subject to the same defective compensation arrangement began to contact counsel for the Doyle Plaintiffs.  A second lawsuit against Defendants was filed in June 2003 by Plaintiff Scott Traudt. (Document No. 1).  Defendants answered the Complaint (Document No. 3) and filed a Motion to Consolidate (Document No. 4) Traudt with the Doyle action in order to "serve the ends of judicial economy." (Document No. 5). Traudt objected to this Motion (Document No. 6) explaining in his Memorandum that the time needed for discovery in Traudt would postpone the resolution of Doyle, "thereby delaying the resolution of the overriding legal issues" in both lawsuits. Id.

In August 2003, Plaintiff moved to amend his Complaint to add Plaintiff Neal Gartner. (Document No. 7).  Defendants refrained from objecting to the addition of a new Plaintiff, but they

renewed their Motion to Consolidate <u>Traudt</u> with <u>Doyle</u>. (Document Nos. 8 and 9). Plaintiff again objected to the Motion to Consolidate. (Document No. 10). After hearing these motions on October 21, 2003, Judge Lagueux granted Plaintiff's Motion for Leave to File a First Amended Complaint, and denied Defendants' Motion to Consolidate the two lawsuits. (Document No. 12). Moreover, he stayed all proceedings in <u>Traudt</u>, except motions to add new parties, until after the <u>Doyle</u> Cross-motions for Summary Judgment were resolved.

A second Amended Complaint in <u>Traudt</u> was filed in January 2004, adding Plaintiffs James McNulty and John McNulty. (Document No. 19). Defendants answered. (Document No. 20). Next, <u>Traudt</u> Plaintiffs filed a Motion to Lift the Stay, following the Court's decision on the <u>Doyle</u> Summary Judgment Motions. (Document No. 21). Defendants objected, arguing that the stay should not be lifted until they had an opportunity to appeal the <u>Doyle</u> ruling. (Document No. 22). The Motion to Lift Stay was denied after hearing. (Document No. 24). Leave was granted to file a third amended complaint (Document No. 30), and six more plaintiffs were added to <u>Traudt</u> in February 2007. (Document No. 32). At the same time, Defendants moved for, and were granted, leave to postpone the filing of their answer until after a decision in <u>Doyle</u> appeal. (Document No. 31).

In March 2008, Judge Lagueux lifted the stay on the <u>Traudt</u> case, and granted Plaintiffs leave to file a fourth amended complaint. (Document No. 37). Defendants answered this fourth and final Complaint in May 2008. (Document No. 39).

I held a telephone status conference with counsel for both sides on June 9, 2008 and issued a Pretrial Order setting forth a deadline of August 8, 2008 for all discovery. (Document No. 40). On July 2, 2008, Plaintiffs filed the present Motion to Voluntarily Dismiss. (Document No. 41).

Stating that they "have elected to proceed in state courts as are their rights under the Savings to Suitors Clause...," 28 U.S.C. § 1333(1), and arguing that, because they "have moved promptly" and "there has been virtually no trial preparation, no discovery has been filed," and no motion for summary judgment, they are entitled to a dismissal <u>without prejudice</u>.  (Document No. 43). Defendants argue that it would be extremely prejudicial for them to have to start over in State Court after working extensively on this case for five years, and the <u>Doyle</u> case for even longer.  (Document No. 48).  Moreover, Defendants assert that both parties had agreed, through actions and words, that the resolution of <u>Doyle</u> would provide a governing precedent for <u>Traudt</u>. (Document No. 48).

**Legal Analysis**

**Savings to Suitors**

Section 1333 of Title 28 of the U.S. Code states:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty of maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

This clause preserves plaintiffs' potential state common-law and other non-admiralty remedies.  In <u>Lewis v. Lewis & Clark Marine, Inc.</u>, the Supreme Court wrote,

> Tracing the development of the clause since the Judiciary Act of 1789, it appears that the clause was designed to protect remedies available at common law.  We later explained that the clause extends to 'all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved.'

531 U.S. 438, 454 (2001), (internal citations omitted).  This District Court explained the operation of the clause as follows: "Where a state court has common law jurisdiction over such an action, the court has the authority to supplement the remedies available on the admiralty side with those

customarily administered in that state." Coleman v. Guy F. Atkinson Co., 887 F. Supp. 49, 52 (D.R.I. 1995). However, the impact of the exercise of state court jurisdiction is minimized by the Reverse-Erie doctrine, "which requires that the substantive remedies afforded by the states conform to governing federal maritime law." Id. at 52.

It is not clear what remedies Plaintiffs might seek in state court. Plaintiffs' twenty-two count Complaint, sounding exclusively in federal law, 46 U.S.C. § 10601, has been recently examined by the Federal District Court in the various Doyle decisions, which rulings have been affirmed in their entirety by the First Circuit. Generally speaking, because of concerns over consistency, state regulation of maritime matters will give way when in conflict with a federal scheme. See Ballard Shipping Co. v. Beach Shellfish, 32 F.3d 623, 629 (1st Cir. 1994). In any event, the Savings to Suitors clause is not controlling here, as the issue is not whether Plaintiffs have any surviving state remedies but rather the issue is whether this federal case should be dismissed with or without prejudice. To analyze the merits of Plaintiffs' Motion, we must turn to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

### Rule 41:  Dismissal of Actions

The first part of the rule, Section 1, permits voluntary dismissal without the Court's permission if an answer has not yet been served or when the dismissal is stipulated to by the parties. This section is not applicable to the present Motion. Section 2 authorizes dismissal "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The rule requires an exercise of discretion on the part of the District Court in order to prevent undue prejudice to the non-moving party. Doe v. Urohealth Sys. Inc., 216 F.3d 157, 160 (1st Cir. 2000).

In the <u>Doe</u> decision, the Circuit Court, quoting <u>Pace v. S. Express Co.</u>, 409 F.2d 331, 334 (7th

Cir. 1969), listed some factors pertinent to the determination of the Motion's propriety.

> In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'

<u>Doe</u> at 160.  "The mere prospect of a second lawsuit," the Court continued, does not comprise "plain

legal prejudice" sufficient to justify the denial of a motion for voluntary dismissal.  <u>Doe</u> at 161.

It is my estimation that a dismissal of this lawsuit, so that Plaintiffs can carry out their

intention of refiling in State Court, would impose significant prejudice to Defendants.  Defendants

have litigated this case diligently and extensively since it was filed in 2003, filing roughly seventeen

different motions, responses, memoranda and answers.  Much of the motion practice reflected the

interests of both parties in coordinating activity in this case with the <u>Doyle</u> litigation.

Defendants argue that the parties agreed that the outcome of <u>Doyle</u> would provide a binding

precedent for <u>Traudt</u>.  Indeed, even Plaintiffs' court filings reflect this assumption.  When

Defendants moved to consolidate <u>Traudt</u> with <u>Doyle</u>, Plaintiffs' counsel objected, at least in part,

because he wanted an expedient resolution in <u>Doyle</u> to provide a guidepost for other fishermen who

were contemplating joining the second lawsuit.  (Document No. 10, p. 3).

Plaintiffs' Memorandum stated:

> This case is similar to <u>Transeastern Shipping v. India Supply Mission</u> 53 F.R.D. 204 (S.N.Y. 1971) where it was recognized that '...because of the similarity in the cases, it is likely that a disposition in one will encourage settlement in the others.'

* * *

-7-

> Plaintiffs would respectfully suggest that once the <u>Doyle</u> decision is
> rendered, the other newer cases will visibly fall on one side or the
> other of where the Court draws the line.

(Document 10, pp. 3-4).  Unfortunately for the <u>Traudt</u> Plaintiffs, it appears that the line was drawn at a point which left them all ineligible for compensation, as documentation submitted by Defendants to me and Plaintiffs' counsel indicates that all claims result from work performed more than three years prior to the filing (or joining) of the Complaint.  No doubt in order to avoid a dispositive motion for summary judgment from Defendants, Plaintiffs attempt a new strategy – try again for a more advantageous result in State Court.  This belated forum shopping expedition is not the aim of the Savings to Suitors clause, and referencing this clause does not provide adequate explanation or justification for Plaintiffs' Motion.

### Conclusion

For these reasons, this Court recommends that Plaintiffs' Motion to Voluntarily Dismiss (Document No. 41) without prejudice be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within (10) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 11, 2008

-8-