UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SCOTT TRAUDT, SUSAN R. CARR in : 
her capacity as Executor of the Estate : 
of WILLIAM H. CARR, GAVIN CASEY, : 
JAMES CHRISTY, NEAL GARTNER, : 
CARLOS HERRERA, JACOB KAMINSKI, : 
ROBERT KENYON, JAMES McNULTY, : 
JOHN McNULTY, and JOHN MOTTOLA : 
 : 
v. : C.A. No. 03-241L
 : 
HUNTRESS, INC. and RELENTLESS, : 
INC. : 

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court on Defendants' Motion for Summary Judgment (Document No. 52) pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Motion has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1); LR Cv 72(a). Plaintiffs have not filed an opposition to Defendants' Motion. Thus, the Motion is unopposed[1] and could be granted by rule of court pursuant to Local Rule Cv 7(b)(1). However, given the lengthy history of this case, a written explanation of the Court's basis for recommending the entry of final judgment against Plaintiffs is warranted. Defendants move for summary judgment relying on the affirmative defense of laches. Based on law established in a related case (Doyle v. Huntress, C.A. No. 01-409L), Defendants' Motion

---

[1] Plaintiffs' failure to oppose this final Motion is not for want of effective representation. Plaintiffs' counsel has zealously pursued these companion cases for several years, and his good faith decision not to oppose this Motion is due only to the fact that the law is definitively established and the relevant facts undisputable.

establishes conclusively that Plaintiffs' claims in this case are time-barred with one limited exception discussed herein.

Plaintiffs are ten fishermen formerly employed by Defendants on two commercial fishing vessels. (Document No. 38). An eleventh Plaintiff is the widow and executor of another fisherman who died from unrelated causes in 2006.  Id. at ¶ 2.  Defendants Huntress, Inc. and Relentless, Inc. are the corporate owners of two commercial fishing boats, the F/V Persistence and the F/V Relentless, sailing out of North Kingstown, Rhode Island.  Id. at ¶¶ 12 and 13.  All Plaintiffs made trips on both vessels, and each Plaintiff makes an identical claim for wages against both Defendants. Id.  Each claim alleges that, while each fisherman was paid a share of the proceeds of the catch at the end of each trip, there was no valid enforceable written agreement setting forth the compensation prior to embarking on the fishing trips, as required by federal statute, 46 U.S.C. § 10601. Id. at ¶¶ 20-22.  As a result, Plaintiffs allege that each fisherman is entitled to "the difference between the highest rate of wages paid any crew member of the same rating and that which he was paid on any trips he took for which there was no legally drawn agreement." Id. at ¶ 23.

**Background and Travel**

The present case follows an identical lawsuit brought by a different group of fishermen in 2001, against the same Defendants, based on the same federal statute.  That case, captioned Doyle et al. v. Huntress, Inc., C.A. No. 01-409L, has been the subject of extensive litigation in this Court, as well as before the Court of Appeals for the First Circuit.  The history of that litigation will be summarized briefly herein.

At 301 F. Supp. 2d 135 (D.R.I. 2004), Judge Ronald R. Lagueux of this Court ruled on the parties' Cross-motions for Summary Judgment and established that 46 U.S.C. § 10601 applied to the vessel classification that included the F/V Persistence and the F/V Relentless. Judge Lagueux ruled further that the form wage agreements that were sometimes provided by Defendants to the fishermen were not in compliance with the requirements of the statute. After an interlocutory appeal brought by both sides, this decision was affirmed by the First Circuit at 419 F.3d 3 (1st Cir. 2005).

A bench trial followed in May 2006 in order to determine an applicable statute of limitations and to evaluate Defendants' claims of waiver and laches. At the conclusion of the bench trial, Judge Lagueux ruled that Plaintiffs had not waived their claims. He then rendered a written decision at 474 F. Supp. 2d 337 (D.R.I. 2007), holding that the appropriate analogous statute of limitations for claims brought under 46 U.S.C. § 10601 was Rhode Island General Laws § 28-14-20, which provides a three-year time bar for unpaid wage claims. Judge Lagueux ruled that all claims brought by the fishermen based on fishing trips that took place more than three years prior to the filing (or joining) of the lawsuit were barred by laches. Three of the five Doyle plaintiffs were awarded back wages. Both sides again appealed, and the decision was affirmed in its entirety by the First Circuit at 513 F.3d 331 (1st Cir. 2008). Thus, this case is subject to the same three-year time-bar.

**The Instant Lawsuit**

Fishermen who heard about the Doyle lawsuit and realized that they had worked for Defendants subject to the same defective compensation arrangement began to contact counsel for the Doyle Plaintiffs. A second lawsuit against Defendants was filed in June 2003 by Plaintiff

Scott Traudt. (Document No. 1). Defendants answered the Complaint (Document No. 3) and filed a Motion to Consolidate (Document No. 4) Traudt with the Doyle action in order to "serve the ends of judicial economy." (Document No. 5). Traudt objected to this Motion (Document No. 6) explaining in his Memorandum that the time needed for discovery in Traudt would postpone the resolution of Doyle, "thereby delaying the resolution of the overriding legal issues" in both lawsuits. Id.

In August 2003, Plaintiff moved to amend his Complaint to add Plaintiff Neal Gartner. (Document No. 7). Defendants refrained from objecting to the addition of a new Plaintiff, but they renewed their Motion to Consolidate Traudt with Doyle. (Document Nos. 8 and 9). Plaintiff again objected to the Motion to Consolidate. (Document No. 10). After hearing these motions on October 21, 2003, Judge Lagueux granted Plaintiff's Motion for Leave to File a First Amended Complaint, and denied Defendants' Motion to Consolidate the two lawsuits. (Document No. 12). Moreover, he stayed all proceedings in Traudt, except motions to add new parties, until after the Doyle Cross-motions for Summary Judgment were resolved.

A second Amended Complaint in Traudt was filed in January 2004, adding Plaintiffs James McNulty and John McNulty. (Document No. 19). Defendants answered. (Document No. 20). Next, the Traudt Plaintiffs filed a Motion to Lift the Stay, following the Court's decision on the Doyle Summary Judgment Motions. (Document No. 21). Defendants objected, arguing that the stay should not be lifted until they had an opportunity to appeal the Doyle ruling. (Document No. 22). The Motion to Lift Stay was denied after hearing. (Document No. 24). Leave was granted to file a Third Amended Complaint on January 10, 2007 (Document No. 30), and six additional plaintiffs were added to Traudt on February 2, 2007. (Document No. 32). At the

same time, Defendants moved for, and were granted, leave to postpone the filing of their answer until after a decision in the <u>Doyle</u> appeal. (Document No. 31).

In March 2008, Judge Lagueux lifted the stay on the <u>Traudt</u> case and granted Plaintiffs leave to file a Fourth Amended Complaint. (Document No. 37).  Defendants answered this fourth and final Complaint in May 2008.  (Document No. 39).

In an effort to avoid the bite of <u>Doyle's</u> three-year limitations period, Plaintiffs unsuccessfully moved for voluntary dismissal <u>without</u> prejudice.  <u>See</u> Document No. 41.  Plaintiffs' strategic attempt to keep this case afloat in another forum was rejected.  <u>See</u> Document Nos. 50 and 51.  Defendants' Motion for Summary Judgment followed.

**Legal Analysis**

Applying the three-year filing deadline established in <u>Doyle</u>, Defendants have established by competent evidence that Plaintiffs' claims herein (with one exception) are time barred.  The unopposed affidavit of Defendants' bookkeeper, Ms. Joann Greene, proves that only one of the eleven Plaintiffs brought suit within three years of the conclusion of his last fishing trip on Defendants' vessels.  <u>See</u> Document No. 52-3.  With the exception of Plaintiff John Mottola, the period of time lapsing between Plaintiffs' last fishing trip and the date they filed their respective claims ranged from greater than six years to greater than twelve years.  <u>Id.</u>  Only Plaintiff Mottola had a "timely" fishing trip.  Although Mottola's last trip on the F/V <u>Relentless</u> concluded in 1999, he worked on the F/V Persistence up until July 25, 2004.  <u>See</u> Document No. 52-3.

Judge Lagueux ruled in <u>Doyle</u> that recoverable damages were limited to the difference between a "full share" and the share actually paid to the fisherman, <u>i.e.</u>, a partial share.  <u>See</u>

Doyle, 474 F. Supp. 2d at 346-347 (damages calculated as difference between full share and partial share paid plus 6% prejudgment interest).  Since the records submitted by Defendants indicate that Mottola received "a partial share for a trip [on the Persistence] landing on or about December 20, 2003," Mottola is entitled to a remedy for that trip since it concluded less than three years prior to the filing of Mottola's claim.  (Document No. 52-2 at ¶ 6).[2]  Defendants' submission provides that a full share for that trip was $2,325.12 and Mottola was paid $2,034.48 – a $290.64 difference.  (Document No. 52-3).  Thus, I recommend that the Court sua sponte enter partial cross-summary judgment in favor of Plaintiff John Mottola in the amount of $290.64, plus 6% per annum interest calculated from the date he joined this suit (December 8, 2006) to the date final judgment enters.

**Conclusion**

For these reasons, this Court recommends that Defendants' Motion for Summary Judgment (Document No. 52) be GRANTED in part and that the Court sua sponte GRANT partial cross-summary judgment for Plaintiff John Mottola as provided herein.  In particular, I recommend that the District Court direct the Clerk to enter Final Judgment in favor of Defendants and against Plaintiffs with the sole exception of Plaintiff John Mottola who shall be awarded partial judgment against Defendant Huntress, Inc., in the amount of $290.64, plus 6%

---

[2] Although the Complaint adding Mottola as a plaintiff (Document No. 32) was not actually filed until February 2, 2007, a Motion to Amend and proposed Third Amended Complaint was filed on December 8, 2006.  (Document No. 25).  In their unopposed Joint Statement of Undisputed Facts, Defendants identify December 8, 2006 as the date when Mottola was "added as [a] part[y] to th[is] action."  (Document No. 52-2 at ¶ 3j).  Further, there is federal court authority for the proposition that "the filing of a motion to amend a complaint to add additional parties, when accompanied by a copy of the proposed amended complaint, tolls the applicable statute of limitations."  Bradley v. Armstrong Rubber Co., 46 F. Supp. 2d 583, 586 (S.D. Miss. 1999).  Thus, the Court finds that the limitations period was tolled on December 8, 2006 as to Plaintiff Mottola.

per annum interest calculated from the date he joined this suit (December 8, 2006) to the date of entry of final judgment.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 7, 2009